STATE of Missouri, Respondent,

v.

John Wilson HAMILTON, Appellant.

No. 46272.

Supreme Court of Missouri,
Division No. 1.

March 10, 1958.

John J. Bantle, St. Louis, for appellant.

John M. Dalton, Atty. Gen., Richard W. Dahms, Asst. Atty. Gen., for respondent.

WESTHUES, Judge.

On February 20, 1957, a jury in the Circuit Court of the City of St. Louis, Missouri, found the defendant Hamilton guilty on a charge of sodomy and assessed his punishment at imprisonment in the penitentiary for a term of two years. After his motion for new trial was overruled and defendant was sentenced, he appealed to this court.

The prosecuting witness, a boy 15 years of age, testified that on October 12, 1956, at about 10:30 p. m., he and the defendant met near Pine and Sixth Streets; that he did not know the defendant prior to this time. He further testified that the defendant asked him if he wanted a beer to which he (the boy) replied that he was too young but that he would take a "coke"; that they went to a tavern where he drank a "coke" and ate a sandwich. The boy stated that the defendant took him to the St. Nicholas Hotel where they occupied room No. 311 and that the defendant committed the crime of sodomy.

Defendant filed a brief wherein he does not contend that the State's evidence is insufficient to sustain the verdict. A further statement of the evidence is therefore unnecessary except that which has a bearing on the points briefed. In the first point briefed by the defendant, he contends that the trial court erred in refusing to permit him to explain why he signed a fictitious name to the hotel register. The record shows that, on cross-examination, the defendant admitted he had used a fictitious name when he registered at the hotel. The fact had been shown by the hotel clerk, a witness for the State. When defendant was asked by his attorney why he had not used his own name, the State objected and the trial court sustained the objection. The State introduced the evidence concerning the fictitious name as a circumstance tending to prove that the defendant at the time he registered possessed a criminal intent. Note what the prosecutor said in his argument to the jury: "That was a phoney (phony) name that he put on the registeration (registration) sheet. What about that point along in the case? He went to the hotel with the boy(.) (W)why didn't he sign his own name?"

The State, in its brief, says that the point is not before us for review on the theory that the defendant should have made an offer of proof and having failed in this, he cannot complain of the court's ruling. Defendant was entitled to give his reasons for registering under a fictitious name. It was for the jury to consider the explanation in passing on the guilt or innocence of the defendant. 22 C.J.S. Criminal Law § 625e, p. 961; 22 C.J.S. Criminal Law § 601, p. 924. At pages 925 and 926 of 22 C.J.S., we note the following: "As a general rule, evidence explaining evidence previously introduced, or showing that the inference arising or sought to be drawn therefrom is not warranted, is admissible; and it is sometimes so provided by statute. This rule is especially applicable where accused seeks to explain incriminating evidence introduced by the state, * * *." See also State v. Dixon, Mo., 190 S.W. 290, loc. cit. 292; Hartman v. United States, 8 Cir., 215 F.2d 386, loc. cit. 394(9); People v. Zerillo, 36 Cal.2d 222, 223 P.2d 223, loc. cit. 228(8, 9); Green v. State, 258 Ala. 471, 64 So.2d 84, loc. cit. 89(12, 13). The rule the State invokes, that is, that it was necessary for the defendant to make an offer of proof is not applicable. That rule, as stated 23 C.J.S. Criminal Law § 1029, p. 404, is as follows: "Where the relevancy or admissibility of evidence offered is not apparent it may be rejected unless there is a statement of the purpose of its introduction by which the court may determine its relevancy or admissibility. Thus it is not error to exclude a question asked by a party, unless the party states the nature of the testimony that he expects to elicit thereby, and unless it further appears that such testimony is material, relevant, and responsive, or unless the question is excluded without giving the party an opportunity to state what he expects to prove. It is unnecessary to make a formal offer of proof, however, where the question itself discloses the materiality of the evidence * * *."

We rule that after the State offered evidence of defendant's use of a fictitious name and the defendant admitted the fact, he should have been permitted to have his explanation considered by the jury. The question asked of the defendant, "What was the reason for your using a fictitious name?", clearly indicated that the answer would be material to the issue presented by the State.

In the Dixon case, supra, cited by the State in support of the theory that the defendant should have made an offer of proof, this court said, "While there are cases wherein the questions themselves so far show the pertinency of the evidence sought to be elicited as that we are able to say that the refusal to permit an answer is error; but this is not that sort of condition. Here the conditions and facts were such as that the answer made by defendant might or might not have aided his case." In the case before us, as stated above, the only answer to the question asked would be defendant's reason or explanation of the use of a fictitious name. We rule that the defendant should have been permitted to answer the question.

The defendant contends that the trial court erred in admitting evidence to the effect that he had been seen at the hotel in company of other men on occasions prior to the date of the offense charged. The defendant, on cross-examination, was asked if he had registered at the hotel on other occasions. His answer was that he had and then he was asked, "Would you stay by yourself over there?" To this he replied, "Yes." The State then, in rebuttal, offered evidence by the clerk of the hotel, over the objection of the defendant, that defendant did stay at the hotel but that he was not alone. Note the evidence of the hotel clerk:

"Q. Was he alone on any of the occasions when he came in there? A. Was he alone?

"Q. On any of the occasions when he came to the hotel? A. No, he was with somebody else.

"Q. Was that other person a man or a woman? A. A man."

The State seeks to justify the admission of this evidence in rebuttal on the theory that the defendant was a witness and therefore he was subject to be impeached as any other witness. The State further says that the defendant did not preserve this question for review. The State briefed the objections made by the defendant, point by point, and seeks to demonstrate that the defendant either in the objection made to the evidence or in the motion for new trial or in the brief omitted a connecting link so that none of the points was properly preserved for review. The defendant, being a witness, was subject to impeachment the same as any other witness. On cross-examination a witness may be (subject to reasonable discretion of the trial court) asked questions the answers to which may tend to impeach the credibility of the witness. In case the questioning pertains to matters collateral to the main issue and the witness denies the fact or act which would have been incriminating or which would tend to affect his credibility as a witness, the parties are bound by the answer. That is the established rule. See State v. Hayes, 356 Mo. 1033, 204 S.W.2d 723, loc. cit. 725, 726(6), and cases there cited. The admission of the evidence in rebuttal was error.

We have examined the record, the motion for new trial, and defendant's brief, and we find that where the evidence in rebuttal was first offered, the defendant made a number of specific objections. Among these was the objection that the evidence in rebuttal was on a collateral matter brought into the case by the State and that the defendant had not put his character in issue.

In the motion for new trial, defendant stated:

"b) Said testimony was improperly admitted as part of the State's re-buttal, whereas the defendant had offered no evidence on the subject; and it was immaterial and incompetent for the purposes of impeachment;

"c) Said testimony was calculated to attack and impeach the character of defendant, whereas defendant had not put his character in issue;

"d) Said testimony constituted evidence of prior offenses, not related to that charged in the information herein."

Those same points were briefed by the defendant. We rule that the defendant did preserve for review the points we have considered.

Other points briefed need not be considered since they will not likely recur on retrial of the case.

The judgment is reversed and the cause remanded.

All concur.