STATE of Missouri, Respondent,

v.

Gary AUBRY, Appellant.

No. 40984.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 26, 1979.

---

Robert C. Babione, Public Defender, Kevin C. Curran, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George G. Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

A jury convicted defendant of the offense of sale of Schedule I Controlled Substance to-wit: heroin. The trial court sentenced the defendant under the Second Offender Act to serve a term of five years in the Department of Corrections. Defendant appeals.

Detective Patrick Dickens, the state's principal witness, testified that he was assigned to the narcotics division of the St. Louis Police Department and that on August 15, 1977, he met a man named Bob at the corner of Geraldine and Harney in the City of St. Louis. Thereafter, Detective Dickens and two other undercover detectives drove Bob to 3656 Cook Street. Upon arriving, Detective Dickens and Bob went to the door and Bob knocked. Detective Dickens testified that the defendant answered the door and that both he and Bob went inside. Once inside, a third person named Johnny questioned Detective Dickens until Bob assured him it was all right. The defendant asked the detective what he wanted and the detective replied five buttons and gave the defendant fifty dollars. Thereafter, the detective went to the porch and waited. While on the porch, the detective looked through a window and saw the defendant hand Bob five capsules. Bob came out onto the porch and gave the capsules to the detective. The detective testified that while making the purchase, he heard Bob refer to the defendant as "Little Daddy."

A chemist for the police department testified that she had analyzed one of the capsules purchased and was able to determine that it was heroin. Defendant testified in his own behalf denying that he had ever made a sale to the detective or to anyone. On cross-examination, the defendant denied ever using or responding to the nickname "Little Daddy."

The state, over the objection of the defendant, offered as rebuttal, a witness who testified that he had known defendant for three years and that he had heard people other than police officers call the defendant "Little Daddy" in his presence and that the defendant had responded to this name.

■ On appeal, defendant first contends that the court erred in failing to sustain his motion for judgment of acquittal at the close of the entire case because the state failed to prove that heroin is a Schedule I Controlled Substance. This same point was raised in *State v. Kuhrts*, 571 S.W.2d 709, 714 (Mo.App.1978). Our court ruled against defendant's contention there. Whether or not heroin is a controlled substance is a question of law and not a question of fact. The courts can take judicial notice of the state statute and we find no error as to this point.

■ Defendant next contends that the court erred in permitting the state to put on evidence in rebuttal that the defendant was known as "Little Daddy." Defendant maintains that the "Little Daddy" nickname issue was collateral and not the proper subject of rebuttal.[1] Defendant relies on *State v. Hamilton*, 310 S.W.2d 906 (Mo. 1958) wherein the court said: "In case the questioning pertains to matters collateral to the main issue and the witness denies the fact or act which would have been incriminating or which would tend to affect his credibility as a witness, the parties are bound by his answer." *Id.* at 909.

*Hamilton* does not control here because this was not a collateral issue. Identification was a major issue in this case. State's key witness testified that the man who sold drugs to him was the defendant and that at the time of the sale he heard defendant referred to as "Little Daddy." Defendant denied the sale and stated that his associates never referred to him as "Little Daddy" and that he never responded to the name. It was proper to rebut defendant's testimony that he was not the same man who had been referred to and responded to the name "Little Daddy." This was not a

1. The State denies that the nickname issue was collateral and points out that a discrepancy exists between the objections raised at trial and the point raised on appeal. We have examined the two and proceed on the merits of the point on appeal.

collateral issue and was well within the bounds of discretion of the trial court in the use of rebuttal testimony. *See State v. Huff*, 454 S.W.2d 920, 923 (Mo.1970).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.