STATE of Missouri, Respondent,

v.

Roy ROBERTS, Appellant.

No. 41994.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 3, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Robert A. Hampe, Robert C. Babione, Public Defender, Sara T. Harmon, Richard Burke, Asst. Public Defenders, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., George A. Peach, Circuit Atty., St. Louis, for respondent.

CLEMENS, Senior Judge.

A jury found defendant Roy Roberts guilty on two charges of armed robbery. Since defendant was a second offender the trial court imposed the sentences, concurrent terms of 12 and 18 years.

The jury also found defendant guilty of armed criminal action and the court imposed two three-year sentences on those charges. Pursuant to *Sours v. State*, 603 S.W.2d 592 (Mo. banc 1980), we reverse the judgment as to those two sentences. See *State v. Collins*, 607 S.W.2d 781[3] (Mo.App. 1980).

On appeal defendant challenges the admission of rebuttal evidence to discredit a defense alibi witness and also challenges the admission of defendant's in-custody incriminating statements.

By defendant's first point he challenges the admission of the state's rebuttal evidence to refute the alibi testimony of Debbie Duvall. She had testified she was at a party with defendant at the time of the midnight robbery; that she had got off work at 7:30 and had arrived at the party about 8:30. On cross-examination she re-

peated these times and acknowledged she had punched a time-card when she left work. Then, in rebuttal and over defense objection the court permitted Ms. Duvall's employer to testify her time-card that night showed she had "clocked out" at 10:46 not at 7:30.

Defendant contends error in admitting the rebuttal time-card testimony, arguing it was collateral. Not so. In *State v. Johnson*, 536 S.W.2d 851[9–11] (Mo.App.1976), relying on *State v. Huff*, 454 S.W.2d 920[3–5] (Mo.1973), we squarely held the scope of rebuttal testimony is discretionary and further that the state's rebuttal of previous defense alibi testimony is not a collateral matter. We have considered defendant's cited cases. Basically they bar rebuttal testimony on collateral matters. His argument fails because disproof of alibi testimony is not a collateral matter.

 By his other point defendant contends the trial court erred in admitting his in-custody confession because he had not been given his full *Miranda* warnings. Defendant has waived this point by omitting it from his after-trial motion. But we review the point of our own volition.

Defendant now contends the trial court erred initially in admitting defendant's oral confession to police officer Hill. This, because the warning given did not include the third *Miranda* requirement that during interrogation defendant had the right to have a lawyer present. True, but defense counsel did not point that out to the court. Instead he said only "I object on the ground of foundation." and declined to be specific.

Either the court or state's counsel must have finally divined the unspecified ground and re-opened the state's case. Officer Hill then testified in rebuttal that at first he had testified from memory about the given *Miranda* warning; but at the time of interrogating defendant he had in fact read all the *Miranda* rights to defendant from an official police form.

We hold defendant's cryptic trial objection "on the ground of foundation" preserved nothing for review. In *State v.*

*Lang*, 515 S.W.2d 507[5–10] (Mo.1974) the court held objecting counsel must give the trial court the reason for excluding evidence. And, in *State v. Redd*, 550 S.W.2d 604[5, 6] (Mo.App.1977), we held it is the responsibility of counsel to make known to the trial court specific grounds for his objections to admitting evidence.

We find no merit in defendant's second point.

Judgment affirmed as to the two robbery charges, but reversed as to the two armed criminal action charges.

CRIST, P. J., and REINHARD and SNYDER, JJ., concur.