**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Robert Lee CRAIN, Defendant-Appellant.**

**No. 12201.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 2, 1982.

Motion for Rehearing or to Transfer
Denied Aug. 23, 1982.

Loren R. Honecker, Springfield, for defendant-appellant.

John Ashcroft, Atty. Gen., Melinda Corbin, John Jacobs, Asst. Attys. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Judge.

A jury found defendant guilty of stealing without consent, (§ 570.030 RSMo 1978), and he received a six-year sentence. Defendant appeals.

Defendant's sole point is that the trial court erred in "receiving the state's *rebuttal* testimony of Detective Larry Stewart and Pam Long because said evidence was not within the proper scope of rebuttal evidence in that it did not explain, counteract, repel or disprove defendant's evidence."

Defendant was charged with stealing a 1977 Chevrolet pickup truck owned by the husband of state's witness Pam Long. The offense was committed on June 9, 1980. During the presentation of the state's case in chief, Pam Long testified that on that date defendant came to her house to inspect the truck which was being offered for sale. She was with the defendant for 20 minutes while he talked with her and looked at the truck. She then permitted him to take the truck "for a short test drive around the block." Defendant did not return.

On June 11, 1980, defendant sold certain parts, dismantled from the truck, to state's witness Culbertson who paid defendant with a $700 check. Culbertson became suspicious that the parts were stolen and notified the police.

State's witness Detective Larry Stewart testified that on June 18 he went to a garage used by the defendant. The officer, who had a search warrant, found other portions of the stolen vehicle there.

The defense was alibi. Although defendant admitted selling the parts to Culbertson and cashing the check, he claimed that the parts had been given to him by one Blevins. It was a reasonable inference from a portion of the state's rebuttal evidence, not attacked here, that Blevins was a fictitious person. Defendant denied that he was the person with whom Pam Long dealt on June 9. Defendant and defense witness Stoops testified in support of an alibi defense with respect to the June 9 events.

After the defense had rested, the state recalled witnesses Stewart and Long. Officer Stewart testified that after Culbertson had reported the matter to the police, he, Stewart, showed Pam Long a set of photographs, including one of defendant. Pam Long testified with regard to her selection of defendant's photograph from the several she inspected. The photographs were then admitted into evidence.

On this appeal there is no claim that the rebuttal testimony of witnesses Stewart and Long would not have been admissible if offered as a part of the state's case in chief. Defendant's sole contention is that the evidence was not offered at the proper time, that is, that it was not admissible when offered as rebuttal evidence. This contention has no merit.

■ The scope of rebuttal testimony rests within the broad discretion of the trial court, *State v. Taylor,* 589 S.W.2d 302 (Mo. banc 1979); *State v. Roberts,* 622 S.W.2d 226 (Mo.App.1981); *State v. Cameron,* 604 S.W.2d 653 (Mo.App.1980); *State v. John-*

son, 536 S.W.2d 851 (Mo.App.1976); *State v. Hoyel,* 534 S.W.2d 266 (Mo.App.1975), and the appellate court will not interfere in the absence of an abuse of that discretion. *State v. May,* 587 S.W.2d 331 (Mo.App. 1979); *State v. Hoyel,* supra.

 In *State v. Hamilton,* 310 S.W.2d 906, 909[8] (Mo.1958), the court said that it is "the established rule" that the state, in cross-examining the defendant who elects to take the stand in a criminal case, is bound by the defendant's answers on collateral matters. That rule has no application here because alibi testimony by the defense is not a collateral matter, *State v. Roberts,* supra, nor is the issue of identification, *State v. Aubry,* 592 S.W.2d 318 (Mo.App. 1979).

Rebuttal testimony is not necessarily inadmissible merely because it is cumulative of the state's evidence in chief or because it would have been better procedure for it to have been offered as part of the state's evidence in chief rather than in rebuttal. *State v. Hoyel,* supra, 534 S.W.2d at pp. 269–270. To similar effect see *State v. Huff,* 454 S.W.2d 920 (Mo.1970); *State v. Washington,* 320 S.W.2d 565 (Mo.1959); *State v. Mason,* 322 Mo. 194, 14 S.W.2d 611 (1928); and *State v. Murphy,* 292 Mo. 275, 237 S.W. 529 (1922). Here the state's rebuttal testimony was not cumulative and it did counter the defense evidence of alibi and misidentification. The trial court did not abuse its discretion in receiving the challenged evidence at the time it did so. There is no attack upon its content.

The judgment is affirmed.