STATE of Missouri, Respondent,

v.

Robert FORD, Appellant.

No. 63272.

Supreme Court of Missouri,
Division No. 1.

Aug. 23, 1982.

Rehearing Denied Oct. 18, 1982.

Law Office of Clinton Almond, Hillsboro,
for appellant.

John Ashcroft, Atty. Gen., John B. Jacobs, Jr., Asst. Atty. Gen., Jefferson City,
for respondent.

RENDLEN, Judge.

Convicted of capital murder by a jury,
appellant was sentenced to life imprisonment without eligibility for probation or
parole for a period of fifty years. Mo.
Const. art. V, § 3 vests jurisdiction of the
appeal in this Court.

Appellant does not contest the sufficiency
of the evidence, and a brief account of the
testimony supporting the verdict will suffice. Appellant and deceased were married
on August 11, 1977, and divorced on September 14, 1979. They had frequent contact after the divorce and appellant would
occasionally stay at the deceased's home;

however, during the summer of the year following the divorce, the police were summoned to deceased's home numerous times in response to the deceased's complaints as to appellant's conduct. Appellant was charged with several offenses including assault third degree and trespass on July 23, 1980, burglary second degree for unlawfully entering deceased's home on August 13, 1980, for the purpose of committing telephone harassment, and burglary second degree for unlawfully entering deceased's home on August 16, 1980, for the purpose of stealing and stealing without consent from deceased. Appellant was released on a recognizance bond with two special conditions: (1) that he stay away from his ex-wife; and (2) that he submit to the supervision of the Board of Probation and Parole. At one point the bond was revoked for violation of the first condition; however, it was reinstated on the deceased's request.

Appellant tried many times to persuade deceased to drop the charges pending against him and the day before deceased was killed, appellant looked for her to again discuss dropping the charges. He told deceased's sister that if the charges were not dropped he would lose his job and if that happened he would kill himself and the deceased.

On September 22, 1980, appellant called deceased a number of times, but she was too busy to talk. She called him at about 8:00 or 8:30 and asked him to return an electric timer and other items he had repaired. Though she told him not to come at that time, he went to her house that night. When appellant arrived, deceased was talking to her sister on the telephone. She heard the dog barking and told her sister, "Hang on a minute." Deceased returned and told her sister to hurry and call the police because appellant was there. There was a thump but the phone did not disconnect. The deceased's sister hung up and promptly phoned the police.

When the police arrived, they found deceased lying in the hallway. Her right leg and foot had been shot, her hand had been partially shot away, and she had a wound in her upper chest on the left side. The autopsy indicated the wound to the chest was the cause of death and that wound had been inflicted following the wound to the leg. Appellant, who was lying beside deceased, had been shot in the abdomen and his intestines protruded from the wound.

The weapon involved in the shooting was a shotgun belonging to appellant and the spent shells found at the scene were fired from that gun. His prints were found on the spent shell in the gun and a live shell was removed from his pocket at the hospital. Appellant testified in his own behalf claiming he shot deceased in self-defense.

Appellant contends the trial court erred in allowing the state's witness, Marian Hanne, a realtor who had listed deceased's home for sale, to testify regarding deceased's state of mind while refusing to permit introduction of the testimony of defense witness, Virginia Mizer, owner of a sale barn where appellant worked on weekends, to show deceased's state of mind. The point is well taken and for that reason we reverse and remand the cause. The other contentions which require little or no discussion are: failure to instruct the jury on circumstantial evidence; erroneous admission of photographs of the shotgun, shotgun shells, and the deceased; improper admission of testimony of unproven and unsubstantiated charges pending against appellant; and failure to define the term "deadly force" in the self-defense instruction.

Appellant contends admission of state's witness Marian Hanne's testimony was error. Ms. Hanne was allowed to relate a conversation she had with deceased the day of the shooting. She testified the deceased received several calls from appellant while she was at deceased's home and related statements made by deceased that appellant harassed her, that he might come to her home, and that she was afraid he might become violent. We find no error in the admission of this testimony. Declarations of decedent demonstrating her state of mind, where relevant, are admissible. *State v. Singh,* 586 S.W.2d 410 (Mo.App.

1979); *See generally State v. Harris,* 620 S.W.2d 349 (Mo.banc 1981). Marian Hanne's testimony concerning the statements of the deceased were pertinent to show the deceased's state of mind and in this case that state of mind was relevant to the issue of which participant in the shooting was the aggressor.

■ Appellant then contends that if the trial court was justified in admitting the testimony of state's witness Marian Hanne, then the court most surely erred by excluding similar, though contrary, testimony of defense witness, Virginia Mizer. Ms. Mizer testified that deceased frequently phoned her place of business "looking" for appellant. Each of the numerous times the defense attempted to elicit what deceased said during these calls, the trial judge sustained the state's objection. Both in chambers and during examination of the witness, the defense explained that he was attempting to show deceased's state of mind by establishing that she pursued appellant and was not offering the statements for their truth. However, the trial judge refused to admit this testimony. It is readily apparent the rationale supportive of the admission of state's witness Hanne's testimony showing deceased's state of mind supports and would require admission of similar (though contrary) testimony of defense witness Mizer. The hearsay rule generally excludes extrajudicial utterances offered to establish the truth of the matter asserted, Wigmore on Evidence, 3d Ed., § 1766; however, Mizer's testimony (as that of Hanne) was offered to show deceased's state of mind and not the truth of the matters stated by deceased. Its exclusion was error. We now examine for the prejudicial effect of the trial court's actions.

■ Though error in a criminal case is presumed to be prejudicial, the presumption may be overcome by the facts and circumstances of the particular case. *State v. Walker,* 484 S.W.2d 284 (Mo.1972). The state introduced seven witnesses who testified to numerous incidents demonstrating deceased wanted to sever all ties with appellant, but he would not leave her alone.[1] Four of these related statements of the deceased indicating she wished to end the relationship.

Defense counsel called Virginia Mizer to testify as to conversations between deceased and the witness relative to the issue of the relationship between defendant and deceased, particularly who was the aggressive party in the relationship. Repeated efforts to introduce these conversations failed although defense counsel pointed out the state had been allowed to introduce testimony of decedent's declarations made in various conversations. The trial judge retorted that those were "in the past." Eventually, defense counsel was allowed to establish the fact that telephone calls from decedent were received by the defense witness but no testimony was permitted as to the decedent's declarations showing her state of mind. Though defense counsel time and again explained he was offering the testimony to show deceased's state of mind and not for the truth of the statements, the trial judge adamantly refused to permit such testimony offered to refute inferences raised by the state's evidence on the issue.

Virginia Mizer testified that deceased called her at least six times during the months of June, July, August, and September indicating the existence of a probable body of information relevant to deceased's state of mind on the issue of who was the probable aggressor. In his attempts to elicit this testimony, defense counsel, on eighteen occasions, asked Ms. Mizer to relate what the deceased had said and on each occasion was rebuffed by the trial court.

1. The state's evidence in this regard was voluminous compared to that of appellant. Seven of the state's witnesses testified to twenty-seven incidents including hearsay statements made by deceased and other evidence demonstrating deceased wished to end the relationship but appellant would not leave her alone.

Four of these witnesses related twelve out-of-court declarations of deceased indicating her state of mind in this particular.

Only three witnesses testified for defense as to the issue of who was the aggressive party in the relationship.

Error, which in a close case might call for reversal, may be disregarded as harmless when the evidence of guilt is strong. *State v. Degraffenreid,* 477 S.W.2d 57 (Mo.banc 1972). However, in this case, the state's evidence was wholly circumstantial as to appellant's intent and the credibility of the defense claim of self-defense hung in part on the proposed corroborative testimony which was disallowed. A substantial portion of the state's case was directed to establishing the relationship between deceased and appellant and attempts to counter the inference were effectively thwarted. As a general rule, evidence explaining evidence previously introduced, or showing that the inference arising or sought to be drawn therefrom is not warranted, is admissible. This rule is especially applicable where accused seeks to explain incriminating evidence introduced by the state. *State v. Hamilton,* 310 S.W.2d 906 (Mo.1958); *State v. Campbell,* 533 S.W.2d 671 (Mo.App.1976).

Considering the nature of the state's evidence regarding the relationship between deceased and appellant, it is impossible to conclude with any degree of certainty that appellant was not prejudiced by the exclusion of Virginia Mizer's testimony.

In the event the question raised in appellant's final claim of error concerning failure to define "deadly force" should arise on retrial, MAI–CR 2d 2.41.1, Notes on Use, Paragraph 2 requires a separate instruction defining "deadly force" to be given, whether requested or not, if "deadly force" is used in any instructions.

Judgment is reversed and the cause remanded for a new trial.

All concur.