**STATE of Missouri, Respondent,**

v.

**Joey MARTIN, Appellant.**

No. 53785.

Missouri Court of Appeals, Eastern District, Division One.

June 7, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 6, 1988.

Application to Transfer Denied Sept. 13, 1988.

Henry B. Robertson, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant, Joey Martin, appeals from a jury conviction for voluntary manslaughter, in violation of RSMo § 565.023 (1986), for which he was sentenced to five years imprisonment. He raises two issues on appeal. Defendant argues the trial court

erred in not granting his motion for a new trial on the ground that a juror intentionally withheld information during voir dire. Defendant also alleges the trial court erred in not permitting him to present evidence as to why he did not call the police department after the incident in question occurred. Finding defendant's first contention to be meritorious, we reverse and remand for a new trial.

The facts adduced at trial indicate that on August 7, 1986, defendant and three other persons (Kevin Adell, Greg Mosley and Daniel White) decided to drive to an area in north St. Louis in order to buy some marijuana. Adell and Mosley are black; White and the defendant are Caucasian. On the way they picked up Marvin Coach, the victim, who was black. Upon reaching their destination, Adell and Mosley got out of the car, and Adell told defendant and White to remain inside the vehicle. Approximately fifteen minutes later, defendant stated it was hot and exited the car. Coach came towards defendant and initiated a discussion which became loud and argumentative. Soon, defendant and Coach were embroiled in a fight, with the two men wrestling on the ground. A witness subsequently saw defendant return to the car and heard him say, "I stabbed the mother f......" Coach died on August 13, 1986; the cause of death was a stab wound to the chest. After Coach died, police officers arrested defendant, who admitted that he stabbed Coach. Defendant maintained Coach approached him and said, "What the f___ are you doing in this neighborhood white boy?" He claimed it was Coach who initiated the altercation by punching defendant in the face.

Following defendant's conviction for voluntary manslaughter, defendant motioned for a new trial. The basis for the motion was an anonymous letter that defense counsel received after the trial stating that a juror, who later became the foreman, withheld information during voir dire; specifically, the letter alleged the father of the juror's son had been killed four or five years before the trial. During voir dire, the juror had responded "no" when asked whether she or any relatives or close friends had been a victim of crime.

The trial court held a hearing on defendant's motion for a new trial. At the proceeding, the juror acknowledged that the father of her son had been murdered. She said she had considered him a close friend and his murder "a very sad thing." She also stated the crime contained racial overtones. She denied having any memory of the murder during voir dire or at any time during the trial. An investigator for defense counsel also testified. The investigator stated that the juror admitted to her that she had thought about the murder during voir dire but that "she thought it wouldn't matter[;] that she could make a just decision." The trial court overruled defendant's motion, finding that the juror did not intentionally conceal information during voir dire.

■ In his first point, defendant contends the trial court should have granted his motion for a new trial based on the premise that a juror during voir dire withheld the fact that her son's father had been killed four or five years prior to trial. Initially, this court takes cognizance of the applicable standard of review. The decision as to whether or not a juror intentionally concealed information during voir dire must be left to the trial court's discretion unless the appellate court is able to conclude from the record that an abuse of discretion unmistakably occurred. *Beggs v. Universal C.I.T. Credit Corp.*, 387 S.W.2d 499, 503 (Mo. banc 1965); *Williams v. Barnes Hospital*, 736 S.W.2d 33, 36 (Mo. banc 1987).

■ A defendant's exercise of his right to a fair and impartial jury mandates that potential jurors answer fully and truthfully all the questions posed to them during voir dire. *State v. Coy*, 550 S.W.2d 940, 942 (Mo.App., W.D. 1977). The failure to so respond deprives a defendant of his right to challenge for cause or to exercise his peremptory challenges. *State v. Endres*, 698 S.W.2d 591, 595 (Mo.App., E.D. 1985). Every failure by a potential juror to respond to a question during voir dire does not entitle a defendant to a new trial. *Id.*

However, where (1) the ground for the disqualification of a juror is actually explored on voir dire, (2) the complaining counsel has no knowledge of the juror's deception, and (3) the juror intentionally conceals the truth, a new trial is merited. *Id.* For, if these requisites are met, an inference of bias and prejudice by the juror arises. *Id.* In the present case, the juror was specifically asked whether she or a close relative or friend had been the victim of a crime, to which she responded, "No." As well, defense counsel had no knowledge of the murder of the father of juror's son. Thus, the pivotal question is whether the juror's nondisclosure was intentional.

Intentional nondisclosure of information requested of a juror on voir dire occurs where there exists no reasonable inability to comprehend the information asked of the juror and the juror actually remembers the experience or the experience was of such significance that his purported forgetfulness is unreasonable. *Williams,* 736 S.W.2d at 36. In the matter before this court, the juror testified at the hearing on defendant's motion for a new trial that she recalled being asked whether she or a close relative or friend had been a victim of crime, but that she did not remember the murder of her son's father at the time the question was asked. This court is constrained to hold that the trial court abused its discretion in failing to find that it was unreasonable for the juror not to have remembered this incident. The victim of the murder was the father of the juror's only child; the victim was considered by her to be a close friend; and the murder occurred four or five years prior to defendant's trial. *See State v. Endres,* 698 S.W.2d at 596. (It was unreasonable for a juror in a murder prosecution to fail to remember the shooting death of her half-brother six weeks before trial, even though the juror had neither seen or known her brother until she viewed him at the funeral home.) This court recognizes that the necessity for a new trial has been brought about in no manner by any error by respondent.

In his second point, defendant maintains the trial court erred when it did not allow testimony to the effect that the defendant did not call the police because he did not believe Coach was seriously injured. He argues the testimony was relevant to rebut an inference raised by the State of flight or avoidance of arrest by defendant; he maintains the State's evidence showed both that defendant fled the scene of the crime and that defendant was not arrested until a week after the crime. The law is settled that when evidence of flight or avoidance of arrest is admitted, a defendant has the right to explain and rebut any incriminating circumstances which might otherwise raise an inference of consciousness of guilt. *State v. Burns,* 322 S.W.2d 736, 742 (Mo.1959); *State v. Medley,* 588 S.W.2d 55, 59 (Mo.App., E.D. 1979).

In the present case, the State introduced no evidence of flight or avoidance of arrest; thus, there was no inference of consciousness of guilt for defendant to explain or refute. The State never drew attention to the fact that defendant was not arrested until a week after the crime occurred. In neither its opening or closing argument or during questioning of the witnesses did the State allege flight or refer to the date of defendant's arrest. Defendant points to testimony by the pathologist in which it was brought out that the victim died on August 13, 1986; however, this testimony would not have drawn the jury's attention to the fact that defendant was not arrested until August 14, 1986. Similarly, defendant refers us to defendant's statement to the police, dated August 14, 1986, and introduced by the State. It is highly speculative that the jury even noticed that defendant's statement was made seven days after the crime occurred. Further, the State drew no inference from this time interval. This point is denied.

For the above reason, the judgment of the trial court is reversed and the cause is remanded for a new trial.

REINHARD and CRIST, JJ., concur.