STATE of Missouri, Respondent,

v.

Christopher A. DUKE, Appellant.

Christopher A. DUKE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 60643, 62082.

Missouri Court of Appeals,
Eastern District,
Division One.

March 23, 1993.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Michael J. Runzi, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his convictions for two counts of first degree robbery and two counts of armed criminal action. He also appeals the denial of his Rule 29.15 motion for post-conviction relief. Affirmed.

On May 10, 1990, at approximately 10 p.m., Kimberly Wilson and Eugene Williams were walking on Eastgate in University City. At that time, they were approached by a friend of Williams, Terrell Hutchins. Hutchins flagged down a car which he stated belonged to his cousin. However, after speaking with the occupants, Hutchins stated it was not his cousin. The driver and passenger exited the vehicle and words were exchanged between the parties. Hutchins walked away, and the driver and passenger got back into their car. Wilson then looked away for a few seconds, and when she looked back, the driver was pointing a gun in her face. She noticed the passenger was also holding a gun on Williams and took his money. The driver then demanded Wilson's jewelry, snatching a gold necklace off her neck. Wilson was having trouble removing a gold nugget ring, so the driver forced her into a street light and yanked it off. Wilson looked directly into the driver's face. The driver then told Wilson and Williams to go into an alley in the back of a nearby building. However, at that moment, a police officer drove by. Williams hailed the officer and told him they had just been robbed. The driver ran, and the passenger jumped in the car and drove away.

The next day, Detective Coleman prepared a photographic array containing the picture of Defendant. Wilson and Williams viewed the array separately, without speaking to each other. Based on her recognition, Wilson identified Defendant as her assailant. Williams also selected Defendant's picture from the array, although he did not testify at trial.

Following the identification, Wilson expressed some concern for her safety. At this time, Coleman showed Wilson a single photograph of Larry McDonald and informed her that he was in custody in connection with the robbery. The testimony is conflicting about whether Coleman told her

McDonald was Defendant's stepbrother. At trial, Wilson also provided an in-court identification of Defendant as her assailant.

■ For Point I, Defendant argues the trial court erred in admitting the in-court identification testimony of Wilson because it was tainted by suggestive pretrial identification procedures. We disagree.

■ Our courts have developed a two-prong analysis for determining whether identification testimony should be admitted: (1) was the pre-trial identification procedure suggestive; and (2) if so, did the suggestive procedure affect the reliability of the identification made by the witnesses. *State v. Hornbuckle,* 769 S.W.2d 89, 93[6] (Mo. banc 1989); and *State v. Higgins,* 592 S.W.2d 151, 159[11] (Mo. banc 1979); and *State v. Williams,* 717 S.W.2d 561, 564[4] (Mo.App.1986).

■ An identification procedure is unduly suggestive if it is the result of " 'improper comment or activity on the part of the officer showing the photograph....' " *State v. Cooper,* 811 S.W.2d 786, 789[3] (Mo.App.1991), *quoting State v. Thomas,* 705 S.W.2d 579, 582 (Mo.App.1986). If an identification is made based upon a witness' recollection of the event and the assailant's appearance, then it is not unduly suggestive. *Id.*

We assume that after Wilson selected Defendant's photograph, Detective Coleman told her they had another suspect in custody who was Defendant's stepbrother. These statements may or may not have been statements confirming Wilson's identification. Even so, such comments after identification are not impermissibly suggestive. *Higgins,* 592 S.W.2d at 159. Other courts indicate they could be suggestive if they result in a newfound certainty of an identification which was initially tentative. *See, e.g., Jarrett v. Headley,* 802 F.2d 34, 41–42[1, 2] (2d Cir.1986). However, Wilson was not tentative in her initial selection of Defendant's photograph.

■ In any event, even if Detective Coleman's comments were suggestive, they had no impact on the reliability of Wilson's

in-court identification of Defendant. Reliability is the linchpin in determining the admissibility of an in-court identification. *Hornbuckle,* 769 S.W.2d at 93[4]. Unless the suggestive procedures provide a "substantial likelihood of irreparable misidentification the witness' identification is admissible and the jury determines the reliability of the identification." *State v. Surgeon,* 823 S.W.2d 63, 65[1–3] (Mo.App.1991); *See also, Hornbuckle,* 769 S.W.2d at 93[7].

■ Reliability is ascertained by examining the totality of the circumstances. *Hornbuckle,* 769 S.W.2d at 93[5]. Factors to be considered are: "(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness' degree of attention; (3) the accuracy of the witness' prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation." *Manson v. Brathwaite,* 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977); *Hornbuckle,* 769 S.W.2d at 93[5]; *Williams,* 717 S.W.2d at 564[3].

In the case at hand, Wilson's identification was reliable. She testified she had numerous opportunities in close proximity to her assailant to observe his face. While it was night, he pulled her into the light of a street light, where she testified she looked at him directly in the face. The encounter lasted five to ten minutes, with her assailant standing directly in front of her the entire time. Furthermore, her description of her assailant is comparable to Defendant. In addition, she testified she had *no doubt* Defendant was the man who robbed her that day. Also, her identification occurred the day after the incident. We find no abuse of the trial court's discretion in admitting the in-court identification. Point denied.

Defendant asserts in his final point the trial court erred in giving Instruction Number 4, modeled after MAI–CR3d 302.04, because it defines "reasonable doubt" using the words "firmly convinced." We deny this point pursuant to *State v. Griffin,* 848 S.W.2d 464, 468–69 (Mo. banc 1993).

Judgment affirmed.

AHRENS, P.J., and REINHARD, J., concur.