STATE of Missouri, Respondent,

v.

Timothy R. LAWS, Appellant.

No. 18382.

Missouri Court of Appeals,
Southern District,
Division Two.

May 26, 1993.

Gary E. Brotherton, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., David B. Cosgrove, Asst. Atty. Gen., Jefferson City, for respondent.

MONTGOMERY, Presiding Judge.

Following a jury trial, Timothy R. Laws (Defendant) was found guilty of forgery under § 570.090.1(1), RSMo 1986. The court sentenced Defendant as a prior offender to five years' imprisonment. Defendant appeals and presents us with two claims of error.

Defendant's first point relied on reads:

The trial court erred and abused its discretion in overruling defense counsel's motion in limine and allowing the prosecuting attorney to present evidence of other crimes committed by Appellant which did not tend to show motive, intent, absence of mistake or accident, a common plan, or identity of Appellant, because that evidence violated Appellant's right to due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Missouri Constitution, in that the State was permitted to present evidence of another Oasis Cartage and Truck Service check, which Appellant allegedly used as genuine two days prior to the incident involved here.

As indicated by this point, Defendant filed a motion in limine prior to trial. His motion urged the court to exclude evidence that Defendant cashed a forged check, similar to the check in question, two days before the alleged crime. The motion was denied.

During trial, evidence of the earlier forged check incident was introduced.

With reference to specific transcript pages, Defendant claims he objected to this evidence. However, the transcript reveals Defendant's counsel offered no objection to the questioned evidence. Absent objection, this issue is not preserved for our review.

■ A ruling in limine is interlocutory only and is subject to change during the course of the trial. The motion in limine, in and of itself, preserves nothing for appeal. *State v. Purlee*, 839 S.W.2d 584, 592 (Mo. banc 1992). An objection must be made at trial when the evidence is offered in order to preserve the issue for appellate review. *State v. Holt*, 758 S.W.2d 182, 185 (Mo.App. 1988).

■ Under Rule 30.20, we have discretion to consider plain error, though not raised or preserved, affecting substantial rights when the Court finds that manifest injustice or miscarriage of justice has resulted therefrom. Our gratuitous examination of the record discloses no plain error. Point I is denied.

In his last point on appeal, Defendant argues the trial court erred in giving MAI–CR 3d 302.04 which defines reasonable doubt. He contends that the definition allowed the jury to convict on proof less than "beyond a reasonable doubt." The definition given in this instruction has been repeatedly approved and challenges on appeal denied. *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991); *State v. Bogard*, 836 S.W.2d 87, 89 (Mo.App.1992). This point is without merit.

The judgment is affirmed.

PREWITT and GARRISON, JJ., concur.