**STATE of Missouri (Respondent),**

v.

**Vernon L. SUBLETT (Appellant).**

**Vernon SUBLETT (Appellant),**

v.

**STATE of Missouri (Respondent).**

Nos. WD 46035, WD 48030.

Missouri Court of Appeals,
Western District.

Sept. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 1, 1994.

Application to Transfer Denied
Dec. 20, 1994.

Laura G. Martin, Asst. Appellate Public Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before SMART, P.J., and KENNEDY and ULRICH, JJ.

KENNEDY, Judge.

Defendant appeals from convictions of first degree robbery (Section 569.020, RSMo 1986), and armed criminal action, (Section 571.015.1, RSMo 1986), and from the trial court's denial of his Rule 29.15 motion without an evidentiary hearing. In conformance with the jury verdicts, defendant was sentenced to 20 years' imprisonment for robbery and 30 years for armed criminal action. The trial court made the two sentences consecutive.

The facts of the case are as follows:

Cheryl Ostrow at 10:30 in the morning on November 5, 1990, had parked her car and was walking toward her office in Westport, when she was physically assaulted by a man with a knife, and forcibly robbed of her briefcase and purse. Her assailant she described to the police as a black male between 20 and 30 years of age, with a medium build and a medium complexion. He ran from the scene.

The police followed footprints in the snow leading from the crime scene to a parking lot at 40th and Main, and continuing toward the 4000 block of Walnut. In the 40th and Main parking lot, they found a coat and gloves which Ostrow identified as her assailant's. Defendant lived nearby at 4011 Walnut.

At 10:30 that evening, according to the testimony of Karen Turner, who lived in the same apartment building as defendant, she and another resident of the apartment building saw someone climbing up the back of the building. The other resident did not testify. The residents called out, "Vernon, is that you?" but the climbing figure did not answer. Karen testified she could not identify the climber. In explanation of an earlier statement to the police in which she identified defendant as the person she had seen, she said she "assumed" it was defendant. The next morning, these residents found Cheryl Ostrow's briefcase and purse on the basement floor of the apartment complex.

Defendant was arrested on December 24, and was identified by Cheryl Ostrow as being the robber.

Defendant does not challenge the sufficiency of the evidence to sustain the conviction, but wants a new trial because of alleged prejudicial trial error.

■ One of defendant's points is that the prosecutor, in closing argument, repeatedly urged the jury to "send a message" to the defendant and other would-be robbers by sentencing him to a lengthy term of imprisonment, to deter others who might commit similar offenses in Westport or other areas of the city. There was no objection, so we may review only for plain error under Rule 30.02. Rarely, if ever, has a Missouri case reversed

a conviction for such an argument. Such arguments have been approved in a number of cases, including, most recently, *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994). The argument in the present case goes well beyond the *Cobb* argument, urging the jurors, at considerable length, to assess severe sentences. Part of the argument: "The message that you put on the billboards. 'Welcome to Westport, Robbers. On October 25th, the jury sentenced Vernon Sublett, a robber, [to] 500 years.' We don't ever want you back. A thousand years ... It's your community. We all go to Westport or the Landing or whatever part of town that a particular robbery is going to take place." A less inflammatory argument caused reversal of a conviction in *U.S. v. Solivan*, 937 F.2d 1146 (6th Cir.1991), even though the court had sustained the defense objection and admonished the jury to disregard the offending argument, but had declined to declare a mistrial.[1]

We decline to reverse under the strict standards for plain error, and defendant's point is denied. We cannot say how we might rule if an objection had been made to the argument, and if the overruling of the objection had been preserved for review. Counsel's failure to object may be assessed on the Rule 29.15 motion, which we are remanding for an evidentiary hearing.

■ Defendant claims it was error for the court to deny his motion to strike the hearsay testimony of Officer Keith Harrison about a prior inconsistent statement of Karen Turner, one of the women who lived at 4011 Walnut. Karen Turner testified she had seen a figure climbing up the back of the building at 10:30 in the evening of the day of the crime, but that she did not recognize the person as Vernon Sublett. Officer Harrison was then permitted to testify that Karen Turner had earlier said that she, and the other resident, had seen Vernon Sublett climbing the back stairs of the apartment building, and that she had spoken to him and he had answered her.

We will not examine the question whether Officer Harrison's testimony about Karen Turner's prior inconsistent statement was admissible or not. If we should determine it was erroneously admitted, we would be unable to find prejudice to defendant. Defendant did, after all, live in the building. There was nothing incriminating about his climbing the back stairs toward his apartment—which was on the floor above the apartment occupied by Karen Turner—as Karen Turner had told Officer Harrison, according to Harrison's testimony. It had no more tendency to connect him with the stolen Ostrow briefcase and purse, found the next morning on the basement floor of the building, than his admitted residence in the building would connect him with them.

Defendant's next point is that Cheryl Ostrow's out-of-court and in-court identifications of defendant were the result of impermissible suggestion by the police. The trial court, after an evidentiary hearing, overruled defendant's motion to suppress the identifications, and permitted the identification evidence over defendant's objection. This is said by the defendant to be error.

■ To succeed in showing that the photograph identification procedures improperly prejudiced appellant at trial, the appellant must show: (1) that the investigative procedures employed by the police were impermissibly suggestive; and (2) that the suggestive procedures made the identification at trial unreliable. *State v. Cooper*, 811 S.W.2d 786, 788 (Mo.App.1991). We have examined the identification process closely, and we find no error in the court's rulings.

■ Cheryl Ostrow was at first shown seven photographs by the police, including 1981 photographs of Vernon Sublett and Errol Jones—who, the trial court noted, closely resemble each other. Cheryl Ostrow picked out Errol Jones as looking most like the robber, with Vernon Sublett also looking like the robber. The subjects of the other five photographs she rejected as suspects. She

---

1. Cases which have reversed convictions because of prosecutorial appeals to jurors' apprehension for their personal safety include: *State v. Ellinger*, 549 S.W.2d 136, 139–40 (Mo.App.1977); *State v. Heinrich*, 492 S.W.2d 109, 115–16 (Mo.App. 1973); *State v. Groves*, 295 S.W.2d 169, 174 (Mo.1956); *State v. Tiedt*, 206 S.W.2d 524, 528–29 (Mo. banc 1947).

saw a videotaped lineup which included Errol Jones, but not the defendant. This time, she said Errol Jones resembled the person who had attacked her, but she was uncertain. In a second video, seeing defendant in a lineup, she immediately pointed him out as the robber. (After she pointed out Vernon Sublett in the video, a police officer told her he was the same one she had selected from the earlier photographs. This was not true; it was Errol Jones's photograph which she had selected earlier. The police officer's misstatement, though, could not have influenced Cheryl Ostrow to misidentify Vernon Sublett, for she had made the Sublett identification before the police officer's misstatement.) From that time forward, her identification of defendant as her assailant was positive and unequivocal. If an identification is based upon a witness' recollection of the event and the assailant's appearance, then it is not unduly suggestive. *State v. Duke*, 849 S.W.2d 691, 692 (Mo.App.1993). Errol Jones was in the penitentiary at the time of Cheryl Ostrow's robbery, and was never a suspect.

■ Defendant also complains of the makeup of the second videotaped lineup, from which Cheryl Ostrow made a positive identification of defendant. Defendant says the lineup was unnecessarily suggestive, in that the other two persons (other than defendant) were of different ages and heights from the defendant. We have reviewed the facts, and find no such distinguishing differences as would render this lineup unnecessarily suggestive. *See, State v. Donnell*, 862 S.W.2d 445, 449 (Mo.App.1993); *State v. Cooper*, 708 S.W.2d 299, 305 (Mo.App.1986).

There was no error in admitting the Cheryl Ostrow testimony which identified defendant as the robber.

The defendant has shown us no error entitling him to reversal of his convictions, and the judgments of conviction are affirmed.

We turn next to defendant's appeal from the court's overruling his Rule 29.15 motion without an evidentiary hearing. The court held that the trial record conclusively showed defendant was entitled to no relief under his Rule 29.15 motion, and denied the motion without an evidentiary hearing. See Rule 29.15(g).

Defendant's Rule 29.15 motion for post-conviction relief included allegations of counsel ineffectiveness in failing to investigate an alibi defense for defendant, and to call certain witnesses; of counsel ineffectiveness in failing to object to the prosecuting attorney's allegedly improper and inflammatory argument, which has been discussed, supra, in our opinion on the direct appeal; and of counsel ineffectiveness in failing to object to Officer Keith Harrison's testimony about Karen Turner's prior inconsistent statement, which also has been discussed, supra, in our opinion on the direct appeal. Other allegations of counsel ineffectiveness have not been carried forward in his brief on appeal, and are deemed waived.

■ Defendant in his Rule 29.15 motion alleged his attorney was ineffective in failing to call certain named alibi witnesses, who would have testified that defendant, at the time of the robbery, was at work at his employment in a cleaning establishment, located about a mile from the site of the robbery. The motion says defendant's attorney called at defendant's employer's premises on August 19, 1991, before the trial, and learned that there was evidence defendant had been at work during the time when the robbery occurred.

We are unable to agree with the trial court that the record "conclusively shows" that defendant was entitled to no relief. We have considered the fact that defendant's attorney, in defendant's behalf, after the trial, filed a supplemental motion for a new trial on the ground of newly discovered evidence, in which it was alleged that defendant had learned about these alibi witnesses after the trial, and that he could not have known about them before trial. (This supplemental motion for a new trial was filed out of time, and was not considered by the trial court.) The allegations of this motion, if established, would tend to contradict the allegations of his Rule 29.15 motion, but it is not conclusive.

An alibi would have furnished defendant with a defense; without it, he had no defense at all. He presented no evidence. He was relegated to attempting to undermine the reliability of Cheryl Ostrow's identification, in which his efforts were unavailing. He did not testify himself.

An evidentiary hearing may reveal that defendant had not informed his counsel before trial of the alibi he now claims in his Rule 29.15 motion, or it may reveal that counsel had well-founded strategic reasons for not calling the alibi witnesses. Without an evidentiary hearing, however, with the court's findings thereon, we deal in speculation and conjecture. The record does not conclusively negate defendant's Rule 29.15 allegations.

We reverse and remand for an evidentiary hearing on the Rule 29.15 motion allegation of counsel ineffectiveness with reference to defendant's alleged alibi defense, and on the allegation of counsel ineffectiveness in failing to object to prosecutor's allegedly improper and inflammatory jury argument. As to the allegations of counsel ineffectiveness in failing to object to the Harrison testimony about Karen Turner's prior inconsistent statement, we have already said there was no prejudice to defendant, and no evidentiary hearing is needed on that allegation.

All concur.