**STATE of Missouri, Plaintiff–Respondent,**

v.

**Terrance RODGERS, Defendant–Appellant.**

**Terrance RODGERS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 19214, 19803.

Missouri Court of Appeals,
Southern District,
Division Two.

May 31, 1995.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

GARRISON, Presiding Judge.

Terrance Rodgers (Appellant) was convicted by a jury of selling a controlled substance, § 195.211,[1] and was sentenced to twenty-five years' imprisonment as a prior and persistent drug offender pursuant to §§ 195.275 and 195.291.2. His direct appeal from that conviction is Case No. 19214. His pro se motion pursuant to Rule 29.15 to vacate or set aside his conviction based on the alleged ineffectiveness of his trial counsel, as well as his amended motion filed by appointed counsel, were denied after an evidentiary hearing. His appeal from that denial is Case No. 19803. These appeals have been duly consolidated but will be discussed separately in this opinion.

There is no issue on this appeal concerning the sufficiency of the evidence to support the conviction. The evidence pertinent to the issues raised on this appeal, viewed in the light most favorable to the verdict, was as follows:

Shortly after 4:00 p.m. on December 1, 1992, a police informant (Hampton) drove to Mason's Cafe in Kennett, Missouri. When he stopped his car, a man alleged to have been Appellant approached on the driver's side and was told by Hampton that he wanted to buy a "rock," which is a descriptive term for crack cocaine. Appellant did not immediately respond to the request but turned to a group standing behind him and asked if anyone knew Hampton. When he

---

1. All references to statutes are to RSMo 1994, and all references to rules are to Missouri Rules of Court, V.A.M.R.

got a positive response, he handed Hampton a "rock" in exchange for $20.

Hampton was wearing a microphone which transmitted to a receiver located in a car, parked 75 to 100 feet away, occupied by a Kennett detective, a deputy sheriff, and an investigator for the prosecutor's office. The officers monitored the radio transmissions from Hampton's microphone and also recorded them on audiotape. Following the transaction, the officers passed within ten feet of Appellant as they drove from the scene.

Appellant was arrested coming out of Mason's Cafe less than one hour after the sale to Hampton and was taken to the Kennett police station where he was observed and identified by Hampton through a one-way glass. At trial, the three officers in the other car and Hampton all identified Appellant, without objection, as the person who approached Hampton's car and sold him the cocaine. The audiotape of the transaction, although apparently partially unintelligible, was introduced in evidence and played for the jury.

### CASE NO. 19214

In the first point of his direct appeal, Appellant alleges that the trial court erred in denying his motion to suppress Hampton's identification of him at the police station following his arrest. In support, he contends that the identification was unreliable due to the suggestive nature of the procedure used by the police and that it also tainted Hampton's identification of him at trial.

■ A motion in limine to suppress evidence in and of itself preserves nothing for appeal. *State v. Purlee,* 839 S.W.2d 584, 592 (Mo. banc 1992); *State v. Laws,* 853 S.W.2d 472, 473 (Mo.App.S.D.1993). Ordinarily, therefore, a point relied on which refers only to a ruling on a motion to suppress, such as the point here, is fatally defective. *See State v. Hart,* 805 S.W.2d 234, 238 (Mo.App.E.D. 1991).

■ Additionally, the ruling on a motion to suppress is interlocutory and subject to change during the course of the trial. *State v. Laws,* 853 S.W.2d at 473. A specific objection must, therefore, be made to the evidence

when offered at trial in order to preserve the issue for appellate review. *State v. Yowell,* 513 S.W.2d 397, 402 (Mo. banc 1974); *State v. Reichert,* 854 S.W.2d 584, 591 (Mo.App.S.D. 1993). In the instant case, Appellant's counsel made no objection to Hampton's identification of Appellant at trial. As a result, we are restricted to a review of this contention under the limited scope of plain error.

■ Pursuant to Rule 30.20, we have discretion to consider plain error, although not raised or preserved, affecting substantial rights when the court finds that manifest injustice or miscarriage of justice has resulted. The plain error rule is not to be routinely invoked, however, and is limited to circumstances in which there is a strong, clear showing of manifest injustice, an issue upon which Appellant carries the burden. *State v. Reichert,* 854 S.W.2d at 591.

■ We have reviewed the record for plain error and have found none. Appellant was identified, without objection, by the three officers in the other car as the person who sold the crack cocaine to Hampton. He has made no showing that manifest injustice resulted from his identification by Hampton. His first point is denied.

■ For his second assignment of error, Appellant contends that the trial court erred in permitting the State to request, in closing argument, that the jury send a message to drug dealers. The argument about which Appellant complains was as follows:

Now, ladies and gentlemen, I want to tell you and you all know it's common knowledge that crack cocaine is a major problem in our society today. It's a big problem. You hear about it all the time. And you also know that it's not just in the in [sic] cities any more, it's not just in St. Louis or Memphis, it's right here in Dunklin County, it's in the city of Kennett. Now here's what I'm asking to you do [sic] with this verdict here today. I want you to go in the jury room, I want you come back out with a guilty verdict because when you do, you're going to send a message that's going to be heard all around this county. You're going to tell these guys out there that's selling cocaine that

we're not going to tolerate that in this community. We're not going to stand for it. We're not going to buy some of the garbage that you get your buddies to come in here and tell that all of these police officers are lying, he was with me at the time. I don't want you to believe that, I want you find in [sic] Defendant guilty and when you do you're going to send a message loud and clear that we're not going to tolerate this in Dunklin County.

Appellant, however, did not object to this argument at trial and, therefore, seeks reversal on the basis of plain error under Rule 30.20. Plain error relief is rarely granted in connection with closing arguments. *State v. Clemmons*, 753 S.W.2d 901, 907 (Mo. banc 1988). "This is because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *Id.* at 907–908. Such assertions are generally denied without explanation. *State v. Cobb*, 875 S.W.2d 533, 537 (Mo. banc 1994).

It has been acknowledged that it is permissible for the state to argue that crime is prevalent in the community, that law enforcement is a necessity, that conviction is part of the jury's duty to prevent crime, and to ask for severe penalties as a deterrent to others. *State v. Olds*, 603 S.W.2d 501, 511 (Mo. banc 1980).

In *State v. Cobb*, 875 S.W.2d at 537, our Supreme Court rejected a request for plain error relief in connection with the state's closing argument that requested the jury to "[s]end the message to everyone who would think about doing it, to everyone who endangers the lives of other citizens everywhere when they're driving on the highways while intoxicated." Likewise, in *State v. Beal*, 840 S.W.2d 881, 882 (Mo.App.S.D.1992), this court found no reversible error in the following argument by the state:

"... Tell these people—send out a message you can't break in to [sic] people's house [sic] but when you come in other [sic] and tell us some unknown [sic], unnamed stranger gave us permission to do it. We're not going to buy it. And, ladies

and gentlemen, I request you send that message...."

Appellant relies primarily on *United States v. Solivan*, 937 F.2d 1146, 1153–1154 (6th Cir.1991), for the proposition that the state may not urge the jury to convict a defendant in order to prevent future lawbreaking. *See also United States v. Monaghan*, 741 F.2d 1434, 1441 (D.C.Cir.1984). He argues that the *Solivan* principles have been accepted in Missouri, citing *State v. Sublett*, 887 S.W.2d 618 (Mo.App.W.D.1994). In *Sublett*, the jury was urged to "send a message" to deter other would-be robbers by imposing lengthy imprisonment. *Id.* at 619. The appellate court noted that rarely, if ever, are Missouri cases reversed for such an argument, citing *Cobb*. *Id.* at 619–620. The *Sublett* court noted the *Solivan* case but declined to reverse under the strict standards of plain error. *Id.* at 620.

The result in *Sublett* was consistent with *State v. Crenshaw*, 852 S.W.2d 181 (Mo.App. S.D.1993), where this court refused plain error relief for an argument that referred to a "drug war" in the United States, the efforts of police to catch culprits "on the battlefields of our streets," and the danger of freeing the guilty. *Id.* at 187. In that case this court acknowledged the defendant's reliance on *Solivan* but rejected that argument, saying:

However, that case is inapposite in that the claim of error there was preserved by timely objection at trial. Furthermore, *Solivan* is not binding on us. *Futrell v. State*, 667 S.W.2d 404, 407[3] (Mo. banc 1984). We are constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri.

*Id.*

We fail to find plain error and, therefore, deny Appellant's second point.

### CASE NO. 19803

■ Appellant contends, in appealing the denial of his 29.15 motion, that he was denied the effective assistance of counsel because his trial attorney did not have the audiotape of the transaction analyzed by an expert to determine whether his voice was in fact on

# 913

the tape. The motion court denied this claim, finding that:

> [Trial counsel] determined that an attempted analysis might have a detrimental effect on the defense, as well it might if an expert concluded that the voice on the tape is indeed movant's voice. There is no evidence in this case as to the availability and the reliability of tests for the identification of the voices on the tape. Movant has failed to show that he was prejudiced by any acts or omissions on the part of his attorney or on the part of the State.

Appellate review of such a claim is limited to a determination of whether the findings and conclusions of the motion court are clearly erroneous. Rule 29.15(j); *State v. Mallory*, 851 S.W.2d 46, 49 (Mo.App.S.D.1993). They are clearly erroneous only if a review of the entire record leaves the court with the definite and firm impression that a mistake was made. *Id.*

In order to prevail on a claim of ineffective assistance of counsel, Appellant must show both (1) that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that he was thereby prejudiced. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)).

In reviewing the reasonableness of an attorney's actions, appellate courts are deferential to counsel's decisions. *Id.* at 858. There is a strong presumption that an attorney's conduct was proper. *Id.* A defendant must overcome the presumption that, under the circumstances, the action complained of might be considered sound trial strategy. *Id.* Strategic choices made after a thorough investigation are virtually unchallengeable. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066, 80 L.Ed.2d at 695.

In the instant case, Appellant's trial counsel heard the audiotape prior to trial and found that it was at first unintelligible. Different equipment was used a second time which produced a better but still hard to understand playback of the recording. She testified that her failure to seek an analysis of the tape to determine whether Appellant's voice could be identified as a participant was a matter of trial strategy, explaining that: She believed that the eyewitness testimony was going to be crucial to the case; the tape was virtually unintelligible; and she was fearful that if the tape were analyzed and it proved to be Appellant's voice, it would lead to even more damaging evidence. We are unable to conclude that Appellant's trial counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under these circumstances.

Additionally, when a defendant claims ineffective assistance of counsel for failure to present expert witnesses, he must show that such experts existed at the time of trial, that they could have been located through reasonable investigation, and that the testimony of these witnesses would have benefited his defense. *State of Davis*, 814 S.W.2d 593, 603–604 (Mo. banc 1991). In the instant case, Appellant presented no such evidence to the motion court.

Appellant's appeal from the denial of his 29.15 motion is without merit.

The judgment of the trial court and the order of the motion court are affirmed.

PREWITT and CROW, JJ., concur.