**STATE of Missouri, Plaintiff–Respondent,**

v.

**Michael MARSH, Defendant–Appellant.**

**Michael MARSH, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

Nos. 20159, 21024.

Missouri Court of Appeals,
Southern District,
Division Two.

May 6, 1997.

Emmett D. Queener, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jill C. LaHue, Asst. Atty. Gen., Jefferson City, for respondent.

SHRUM, Judge.

A jury found Michael Marsh (Defendant) guilty of the class C felony of possession of a

controlled substance, § 195.202.[1] Defendant was charged as and found to be a prior and persistent offender as defined in §§ 558.016 and 557.036.4. The trial court sentenced Defendant to a term of 12 year's imprisonment. However, in the "Sentence and Judgment" form, the trial court indicated that Defendant was a prior drug offender (§§ 195.295 and 195.296) and a persistent drug offender (§ 195.295).

In his direct appeal (No. 20159), Defendant charges that the trial court committed reversible error in sentencing him as a prior and persistent drug offender and requests that the cause be remanded for entry of a correct judgment and sentence. The State concedes that point; consequently, we reverse and remand for that purpose. We expressly refuse to review under the plain error standard Defendant's claims with respect to the prosecutor's closing argument.

After he was sentenced, Defendant filed a pro se motion under Rule 29.15[2] seeking to vacate his convictions and sentences. Appointed counsel later filed an amended Rule 29.15 motion for Defendant. The motion court dismissed Defendant's motion as untimely filed. In appeal No. 21024, Defendant charges that the motion court erred in finding that his motion was not timely filed. The State agrees with Defendant. Accordingly, we reverse and remand to the motion court for findings on Defendant's request for post-conviction relief.

## DIRECT APPEAL—NO. 20159

As Defendant does not challenge the sufficiency of the evidence to support his conviction, we recite the facts most favorable to the verdict.

While patrolling in his police car, Joplin policeman Larry Stout (Stout) saw several persons standing on a street corner. As his car approached these individuals, they began to disperse. Stout parked and left his car. He then saw beer cans and a cocaine pipe lying on the sidewalk. As he picked up the pipe, he noted that it felt hot. Suspecting that someone had been smoking cocaine,

Stout walked toward the group and "announced stop[.]" The group complied, whereon Stout saw Defendant reach into his shirt pocket, remove something and drop his hand "down alongside his thigh." Stout asked Defendant what he had. In response, Defendant raised his hand and showed Stout a "white rock-like object." Stout seized the object, which he suspected was rock cocaine. His suspicion was later confirmed by laboratory testing. The pipe also tested positive for cocaine. Stout testified that Defendant spoke quickly, lost his balance from foot to foot, and the pupils of his eyes were dilated. Stout stated that these factors were consistent with being under the influence of cocaine.

By an amended information, Defendant was charged as a prior and persistent offender. See §§ 558.016 and 557.036.4. At a pretrial hearing, the State adduced evidence that Defendant had prior convictions in Jackson County, Missouri, for felony stealing and second degree burglary, a class C felony. The trial court found that Defendant was a prior and persistent offender. After the jury found Defendant guilty, the trial court sentenced Defendant to 12 year's imprisonment. In the "Sentence and Judgment" form the trial court found, erroneously, that Defendant was a prior and persistent drug offender.

## DISCUSSION AND DECISION

*Point I: Defendant as a Prior and Persistent Drug Offender*

■ Defendant's first point maintains that he was prejudiced by the trial court's erroneous finding that he was a prior and persistent drug offender. The prejudice results because any sentence imposed on a prior and persistent drug offender must be served without eligibility for parole. See §§ 195.295 and .296. The State concedes this point and joins with Defendant in requesting remand to the trial court for a corrected entry of sentence and judgment as a prior and persistent felony offender under § 558.016 and 557.036.4. We agree. The

1. All statutory references are to RSMo 1994 unless otherwise indicated.

2. All references to rules are to Missouri Rules of Court, 1995.

judgment and sentence must be reversed and the case remanded for this purpose.

*Point II: Closing Argument Issue*

For his second assignment of error, Defendant contends that the trial court "plainly erred" in permitting the State to request, in closing argument, that the jury "send a message to the community that a denial of criminal charges would not be accepted." Defendant concedes that the prosecutor's statement during closing argument was not subject to contemporaneous objection and was not raised in the Defendant's motion for new trial; hence, it can be examined only under the plain error standard of Rule 30.20.[3] *State v. Roberts,* 709 S.W.2d 857, 864[6] (Mo.banc 1986). He requests plain error review, arguing that the trial court's failure to take curative action, *sua sponte*, after the prosecutor made his "send the message" remarks in closing argument resulted in a manifest injustice. Specifically, Defendant charges that a portion of the prosecutor's argument went beyond telling the jury to send a message that crime would not be tolerated. He characterizes the prosecutor's argument as urging "the jury to send the 'good' message that if the police testify to a defendant's guilt, no denial of guilt will be accepted." Continuing, Defendant complains: "The prosecutor urged the jury to reject [Defendant's] denial [of cocaine possession], because acceptance of his denial would send a 'bad message.'" Citing *United States v. Solivan,* 937 F.2d 1146, 1153–54 (6th Cir.1991), *United States v. Monaghan,* 741 F.2d 1434, 1441 (D.C.Cir. 1984), *State v. Sublett,* 887 S.W.2d 618, 620 (Mo.App.1994), Defendant argues that the prosecutor's remarks and the trial court's inaction denied him "due process of law and a fair trial."[4]

Missouri courts "rarely grant relief on assertions of plain error as to closing argument . . . because, in the absence of objection and request for relief, the trial court's options are narrowed to uninvited interference with summation and a corresponding increase of error by such intervention." *State v. Clemmons,* 753 S.W.2d 901, 907–08 (Mo.banc 1988). Because trial strategy is an important consideration in any trial, assertions of plain error concerning matters contained in closing argument are generally denied without explication. *State v. Amrine,* 741 S.W.2d 665, 669[1] (Mo.banc 1987); *State v. Wood,* 719 S.W.2d 756, 759[5] (Mo.banc 1986). In *State v. McMillin,* 783 S.W.2d 82, 98 (Mo.banc 1990), our supreme court stated that the plain error rule should be used sparingly and does not justify a review of every trial error that has not been preserved for appellate review.

■ Therefore, we expressly refuse to review Defendant's claims regarding the prosecutor's closing argument. Defendant waived his claim of error by failure to preserve error. *See McMillin,* 783 S.W.2d at 98[31]. Perhaps defense counsel "considered the remarks inconsequential not warranting objection[,] or as trial strategy [counsel] set the stage for built in error." *Wood,* 719 S.W.2d at 760. Whatever the reason for counsel's failure to object, we decline to exercise our discretion to review under the plain error rule.

POSTCONVICTION APPEAL—NO. 21024

Defendant filed his pro se Rule 29.15 motion on August 31, 1995. The motion court ruled this motion was not timely filed under Rule 29.15(b) as the rule then existed. Specifically, the motion court declared that the trial transcript was filed June 6, 1995, thus triggering the thirty-day time period in which Defendant could file his motion;

3. Rule 30.20 provides, in pertinent part, "plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom."

4. In contrast to this case, defense counsel in *Solivan* made timely objections to the prosecutor's "send a message" argument. The *Monaghan* court found that the prosecutor's remarks "went beyond the bounds of approved advocacy," but found any prejudice to the defendant was "insubstantial or nonexistent." *Id.* at 1443. In *Sublett,* the Western district reviewed a "send the message" argument under the plain error rule but found no manifest injustice. The *Sublett* court noted: "Rarely, if ever, has a Missouri case reversed a conviction for such an argument." *Id.* at 619–620.

hence, the court's conclusion that Defendant's August 21st filing was not timely.

▮ On appeal, Defendant contends that the motion court misinterpreted Rule 29.15(b) when it declared that July 6 was the last day Defendant could have filed a timely motion.[5] Defendant points out that June 6 was when transcript was filed with the Jasper County Circuit Clerk, but it was not filed in this court until August 2, 1995. He insists that Rule 29.15(b) and Rule 30.04 clearly show that the time for filing a Rule 29.15 motion begins to run from the filing of the transcript in the appellate court, not the circuit court; therefore, his August 21 filing was timely.[6] The State agrees that this point has merit. We also agree. The trial court's order of dismissal must be reversed and the case remanded for further proceedings.

In No. 20159, we reverse and remand for the entry of a corrected sentence and judgment. In No. 21024, we reverse and remand for further proceedings.

MONTGOMERY, C.J., and PARRISH, J., concur.

---

**5.** In pertinent part, Rule 29.15(b) provides:
"A person seeking relief pursuant to this Rule 29.15 shall file a motion ... substantially in the form of Criminal Procedure Form 40. If an appeal of the judgment sought to be vacated, set aside or corrected was taken, the motion shall be filed *within thirty days after the filing of the transcript in the appeal pursuant to Rule 30.04*" (emphasis added)

**6.** In pertinent part, Rule 30.04(f) reads:
"[T]he appellant shall cause the [legal file and transcript] to be prepared in accordance with the provisions of this Rule 30 and *filed with the clerk of the proper appellate court ....*" (emphasis added).

