# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1893

_____

| | | |
|---|---|---|
| Vernon Sublett, Jr., | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the Western |
| Dave Dormire, Superintendent; | * | District of Missouri. |
| Jeremiah (Jay) Nixon, Attorney | * | |
| General, State of Missouri, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: April 12, 2000

Filed: June 28, 2000

_____

Before BEAM, ROSS, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

BEAM, Circuit Judge.

Vernon Sublett, Jr., appeals from the district court's[1] denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We affirm.

_____

[1]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

## I.    BACKGROUND

Sublett was convicted of robbery and armed criminal action for robbing a woman in the Westport area of Kansas City, Missouri.  Westport is a popular entertainment district.  Sublett was sentenced to twenty years on the robbery charge and thirty years for armed criminal action, to be served consecutively.  The Missouri Court of Appeals affirmed his conviction but remanded for a Rule 29.15 hearing on the issue of whether counsel was ineffective for failing to object to the prosecutor's closing argument and for failing to present alibi witnesses.  See State v. Sublett, 887 S.W.2d 618, 622 (Mo. Ct. App. 1994).  The Missouri Court of Appeals subsequently affirmed the denial of postconviction relief.  See Sublett v. State, 935 S.W.2d 747 (Mo. Ct. App. 1996).

The issue certified for appeal is whether the prosecutor's closing argument denied Sublett's due process right to a fair trial.  In the closing argument, the prosecutor asked the jury to "send a message" by giving Sublett a lengthy sentence and suggested 500 and 1000-year sentences be advertised on billboards to deter robbers in the Westport area.

The Missouri Court of Appeals analyzed this claim for plain error because trial counsel did not timely object,[2] and found that under  plain error standards, no reversal was warranted.  See Sublett, 887 S.W.2d at 619-20.

---

[2]Our review of the record shows that trial counsel objected at one point while the prosecutor was arguing about length of sentence, and was overruled.  However, it is not clear whether counsel was objecting to the length of sentence argument or because the prosecutor suggested that Sublett used an alias.  Following the ruling, there was no other objection after the prosecutor suggested the 500 and 1000-year sentences.

## II.    DISCUSSION

Sublett asserts in his habeas corpus petition that his due process rights were impaired by the prosecutor's inflammatory closing argument. Sublett's petition was filed in the district court on January 26, 1998, after the effective date of the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). Therefore, we are governed by the AEDPA's standard that habeas relief "shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless" the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

In determining whether the prosecutor's closing argument violated the defendant's due process rights, the pertinent inquiry is "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" Darden v. Wainwright, 477 U.S. 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 643 (1974)). Thus, we may grant Sublett federal habeas corpus relief only if "the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial." James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999). In James we noted, the combination of "the strict due process standard of constitutional review, the deferential review mandated by the AEDPA, and our less reliable vantage point for gauging the impact of closing argument on the overall fairness of a trial" resulted in an exceptionally limited review of the same issue— whether the prosecutor's closing argument violated the petitioner's due process. Id.

Viewing the record under this strict standard, we must affirm. The prosecutor here argued:

-3-

Our only benefit is if we can send a message. Our only hope is that by punishing him, we can deter others. . . . But where you get to send the message is on the Armed Criminal Action, because there is no end, and that's where you send your message. The message that you put on the billboards, "Welcome to Westport, Robbers. On October 25th, the jury sentenced Vernon Sublett, a robber, too (sic), 500 years." We don't ever want you back. A thousand years. The purpose of this is to deter others. And we don't want him back. So I leave it to you. It's your community. We all go to Westport or the Landing or whatever part of town that a particular robber (sic) is going to take place. But the message is sent by you guys today. And that's why I'm here. That's why we're here. That's why we've gone through this ordeal is to send that message. There is no doubt that this is the robber. Now let's send a message.

While the prosecutor no doubt crossed the line of what is appropriate argument, see United States v. Johnson, 968 F.2d 768, 770 (8th Cir. 1992) (improper argument when prosecutor exhorted jurors to "stand as a bulwark against the continuation of what [defendant] is doing on the street, putting this poison on the streets"), we find no error in the trial court's failure to sua sponte declare a mistrial following this argument. See, e.g., James, 187 F.3d at 870 (during closing argument prosecutor called defendant "a big time, drug dealing, murdering, robbing slime"). While we express strong disapproval of the prosecutor's use of improper closing argument, we recognize that our concerns do not always render a trial fundamentally unfair. This is especially true in light of the jury's "common sense ability to put aside a particular type of overzealous advocacy with the help of the court's standard instruction that arguments of counsel are not evidence." Id. While we do not approve of a prosecutor exhorting the jury to impose 500 and 1000-year sentences for armed criminal action, we find the jury likely understood that the prosecutor was exaggerating, and, in fact, imposed a thirty-year sentence for this charge. Thus, the trial court was not unreasonable for not sua sponte declaring a mistrial in response to the prosecutor's inappropriate remarks about sentencing.

-4-

Further, the Missouri appellate court's determination that the closing argument did not violate due process was not contrary to, or an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. In Darden, the Supreme Court found no due process violation when the prosecutor argued to the jury that the death penalty was the only guarantee against a future criminal act, referred to the defendant as an animal that should be kept on a leash with a prison guard at the other end, and stated it was unfortunate the victim had not taken a shotgun and blown the defendant's face off. 477 U.S. at 180-81. The Court found the argument did not mischaracterize the evidence or implicate other specific rights of the accused, such as the right to counsel or to remain silent, and thus did not deprive the defendant of a fair trial. See id. at 181-82. In this case, the prosecutor also did not mischaracterize evidence or implicate any other of Sublett's specific constitutional rights. The prosecutor simply asked the jury to impose an excessive sentence, which the jury did not do. While there was no "send a message" argument in Darden, the Supreme Court noted the prosecutor's "comments undoubtedly were improper." Id. at 180. Here, we also believe the prosecutor's comments were improper, but the comments did not "'so infect[] the trial with unfairness as to make the resulting conviction a denial of due process.'" Id. at 181 (quoting Donnelly, 416 U.S. at 643). Thus, under Darden, the state court's findings were not contrary to clearly established federal law as determined by the Supreme Court.

## III. CONCLUSION

Under the strict standard of review required by the AEDPA, Sublett is not entitled to habeas corpus relief. The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.