# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1771

_____

Daniel Basile,                                    *
                                                  *
        Appellant,                        *
                                                  *
                                                  *    Appeal from the United States
    v.                                    *    District Court for the Eastern
                                                  *    District of Missouri.
Al Luebbers, Superintendent, Potosi               *
Correctional Center,                              *
                                                  *    [UNPUBLISHED]
        Appellee.                         *

_____

Submitted:  November 15, 2000

Filed:  January 9, 2001

_____

Before BOWMAN, FAGG, and BEAM, Circuit Judges.

_____

PER CURIAM.

A Missouri jury convicted Daniel Basile of first-degree murder for killing Elizabeth DeCaro. At trial, the evidence showed Elizabeth's husband, Richard, was looking for someone to steal his van and kill his wife. In response to his inquiries, Richard was introduced to Basile. Richard offered Basile $15,000 to steal his van and kill Elizabeth. Basile stole the van and burned it. A few days later, Basile obtained a .22 caliber pistol and latex gloves. On March 6, 1992, Basile told his half-brother he could not work that day because he was working for Richard DeCaro. The same day,

Richard left his home in St. Louis around noon with his four children and the family dog, and checked into a motel at the Lake of the Ozarks at 2:59 p.m. Elizabeth left work at 2:20 p.m. driving the family Blazer. About 3:15 p.m., the Blazer was in the DeCaros' garage, but no one answered the doorbell when a neighbor rang. At 4:15 p.m., Basile was seen driving the Blazer. Around 8:00 p.m., Elizabeth's sister found her dead on her kitchen floor with two gunshot wounds in the back of her neck. The bullets recovered from Elizabeth's body were .22 caliber. The DeCaros' dismantled Blazer was later found in a garage provided to Basile by his half-brother.

Basile did not testify on his own behalf, but the defense put forth a theory that Basile was merely a thief who had been framed by Richard for Elizabeth's murder. Following Basile's conviction and the penalty phase of the trial, the jury found no mitigating circumstances, but found two statutory aggravating circumstances: that Basile murdered Elizabeth for another in exchange for money, and Basile murdered Elizabeth as Richard's agent and at his direction. Basile was sentenced to death. The Missouri Supreme Court rejected Basile's appeal and affirmed the denial of state postconviction relief. See State v. Basile, 942 S.W.2d 342 (Mo. 1997) (en banc). The United States Supreme Court denied certiorari. See Basile v. Missouri, 118 S. Ct. 213 (1997). Basile then filed a federal habeas petition under 28 U.S.C. § 2254. The district court denied relief, but certified several issues for appeal. See Basile v. Bowersox, No. 497CV1110ERW, 1999 WL 33226457 (E.D. Mo. Dec. 16, 1999).

Because Basile filed his habeas petition after enactment of the Antiterrorism and Effective Death Penalty Act of 1996, the Act governs our review. As amended by the Act, 28 U.S.C. § 2254(d)(1) places new constraints on our power to grant a state prisoner's habeas petition on claims decided on the merits in state court. See Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000). We can only grant a habeas petition if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1) (Supp. III 1997), or "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding" id. § 2254(d)(2). Basile does not assert that the Missouri Supreme Court's decision was contrary to clearly established federal law or that the Missouri Supreme court wrongly decided the facts. Instead, Basile contends that in rejecting the issues certified for appeal, the Missouri Supreme Court unreasonably applied the correct legal principles to the facts of his case. See Williams, 120 S. Ct. at 1523. In assessing the reasonableness of the state court's treatment of the issues, we look to federal court decisions of factually similar cases. See Copeland v. Washington, 232 F.3d 969 (8th Cir. 2000). We turn to the certified issues now.

Basile first asserts the prosecutor's closing arguments in the guilt and penalty phases violated his right to a fair trial, and the defense attorney's failure to object to some of the prosecutor's allegedly prejudicial statements violated Basile's right to effective assistance of counsel. The Missouri Supreme Court quoted all of the claimed improper statements and rejected Basile's claim. See 942 S.W.2d at 349-53. The district court thoroughly reviewed the claim, and rejected it as well. Our review is extremely limited. We may grant Basile relief on this issue "only if 'the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have sua sponte declared a mistrial.'" Sublett v. Dormire, 217 F.3d 598, 600 (8th Cir. 2000) (quoting James v. Bowersox, 187 F.3d 866, 869 (8th Cir. 1999)). Having carefully reviewed the prosecutor's closing arguments, we conclude Basile has not met this standard. Further, the Missouri Supreme Court's decision that the closing arguments did not violate due process was not an unreasonable application of clearly established federal law. See id. Counsel's decision not to object to some of the statements was reasonable, see Strickland v. Washington, 466 U.S. 668, 690 (1984), and even if counsel was ineffective, Basile has not shown that but for the failure to object, the result of the guilt and penalty proceedings would have been different, see id. at 694.

Second, Basile asserts his right to confront witnesses was violated by the admission of hearsay statements, and defense counsel was ineffective for failing to object to them. The Missouri Supreme Court rejected the assertion, concluding the testimony was admissible. See 942 S.W.2d at 356-57. The Missouri Supreme Court's conclusion is objectively reasonable. As the district court noted, all of the testimony supported the defense theory that the DeCaros' marriage was in trouble, that Richard wished Elizabeth dead, and that Richard hired Basile to steal his van and Blazer and then framed him for Elizabeth's murder. Counsel's strategic decision not to object was reasonable, see Strickland, 466 U.S. at 690, and even if counsel was ineffective, Basile suffered no prejudice, see id. at 694.

Third, Basile contends his right to a fair trial was violated when evidence of other crimes and bad acts was introduced, and defense counsel was ineffective for failing to object to its admission. Like the Missouri Supreme Court, see 942 S.W.2d at 355-56, we disagree. The evidence consisted of references to Basile's stealing and stripping cars, smoking marijuana, being in jail and on parole, and having problems with girlfriends. Most of the evidence was consistent with the defense theory of the case and would have been admissible over an objection, and the remaining evidence involved minor misconduct that could not reasonably be believed to have affected the trial's result. Basile has not carried his burden of showing "prejudice 'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" Harris v. Bowersox, 184 F.3d 744, 755 (8th Cir. 1999) (quoting United States v. Frady, 456 U.S. 152, 170 (1982)). Counsel was not ineffective for failing to object to the evidence, see Strickland, 466 U.S. at 690, and even if counsel was ineffective, Basile was not prejudiced by its admission, see id. at 694.

Fourth, Basile asserts the admission of victim impact evidence during the penalty phase violated his right to due process and a fair trial, and created an impermissible risk of the arbitrary and capricious imposition of a death sentence. The evidence described the impact of Elizabeth's death on her family, and did not characterize Basile or the

crime or contain a suggestion by Elizabeth's family about an appropriate sentence. See 942 S.W.2d at 358-59. Because the evidence was proper, see Payne v. Tennessee, 501 U.S. 808, 814-17, 826 (1991), no constitutional violation occurred when it was admitted.

Fifth, Basile challenges two jury instructions in the penalty phase. He contends instruction number 13 duplicated two statutory aggravators, the two found by the jury. The two statutory aggravating circumstances are not duplicative, however, see 942 S.W.2d at 360, and even if they were, Basile was not prejudiced because Missouri is a nonweighing state in which the finding of a single aggravating circumstance creates eligibility for the death penalty, see LaRette v. Delo, 44 F.3d 681, 687 n.4 (8th Cir. 1995). Basile asserts instruction number 14 omitted mandatory language that each nonstatutory aggravating circumstance must be found beyond a reasonable doubt. Any error in instruction 14 was harmless beyond a reasonable doubt. No prejudice could have resulted because a separate instruction told the jury any nonstatutory aggravating factors must be found beyond a reasonable doubt, and the jury found no nonstatutory aggravating factors. See 942 S.W.2d at 360.

Sixth, Basile contends the Missouri Supreme Court failed to conduct a full and fair proportionality review of his sentence. See 942 S.W.2d at 361. Our cases prevent us from looking behind the Missouri Supreme Court's conclusion that Basile's sentence is not disproportionate to the penalty imposed in similar cases. See LaRette, 44 F.3d at 688.

Last, Basile asserts the reasonable doubt instructions in the guilt and penalty phases were constitutionally inadequate. The instruction is taken from the Missouri pattern instruction on reasonable doubt, see 942 S.W.2d at 362, and we have held it is constitutional, see Harris, 184 F.3d at 751-52.

We conclude the Missouri Supreme Court's rejection of Basil's claims was objectively reasonable, see Williams, 120 S. Ct. at 1522, and thus affirm Basile's conviction and sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.